UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. NO. 05-10120-PBS

ALFRED ARCIDI

    Plaintiff

v.

J. OWEN TODD; KEVIN T. PETERS
    d/b/a Todd & Weld, LLP

    Defendant

## AMENDED COMPLAINT/JURY DEMAND

1. Plaintiff is a citizen of the Virgin Islands.

2. Defendants J. Owen Todd and Kevin T. Peters are partner attorneys practicing with the law office of Todd & Weld, LLP with a usual place of business at 28 State Street, Boston, Massachusetts.

### JURISDICTION/VENUE

3. Venue is appropriate is appropriate to this judicial district pursuant to 28 U.S. Code § 1391 (1) as this is the judicial district in which the cause of action arose because substantially all, if not all, of the events and omissions giving rise to this claim occurred here. The district court has jurisdiction in this matter pursuant to 28 U.S. Code § 1332 as the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interests and costs and is between citizens of different states. Plaintiff is a citizen of the Virgin Islands. Defendants are citizens of Massachusetts.

1

## STATEMENT OF FACTS

4. In or about December 2000, the Plaintiff hired Defendant Todd to represent him in a civil action in Essex County, Massachusetts, entitled <u>Frank Caruso et al v. Angelo Marotta, Dr. Alfred Arcidi</u>, Essex County Superior Court Civil Action No. 2000-02225. Defendant Todd apparently employed Defendant Peters to assist him in that representation.

5. During the course of that litigation, the Defendants pled a meritorious counterclaim on behalf of Dr. Arcidi  That counterclaim was dismissed on or about 7 April 2004 as a result of the Defendants' negligent pleading of the parties to that counterclaim. The dismissed counterclaim had damages in excess of $1,000,000.00. That claim was dismissed because Defendants Todd and Peters failed to plead it properly.

6. On 20 December 2004, there was a court ordered arbitration of a legal fee dispute between the Defendants and the Plaintiff that resulted in a decision on that same day that was delivered to the Plaintiff on 24 December 2004. The Decision was for the Defendants in the amount of $277,733.00. The Decision was amended on 6 January 2005.

7. Pursuant to Mass General Law Chapter 251, the Plaintiff appeals the decision of the arbitrators and moves that it be vacated or modified because there was an evident miscalculation of figures, the arbitrators exceeded their powers, refused to hear evidence material to the controversy, the award was procured by fraud, and the hearing was conducted so as to substantially prejudice the rights of the Plaintiff.

## COUNT ONE - MALPRACTICE/NEGLIGENCE

8. Plaintiff incorporates by reference paragraphs 1 through 5 set forth above.

9. The above facts constitute attorney malpractice by the Defendants.

## COUNT TWO - *MASS GENERAL LAW CHAPTER 251*

10. Plaintiff incorporates by reference paragraphs 6 through 7 set forth above.

11. Pursuant to *Mass General Law Chapter 251*, § 1, 12, and 13, Plaintiff appeals the decision of the arbitrators and moves that it be vacated or modified or that there be a revocation of the arbitration contract because there was an evident miscalculation of figures, the arbitrators exceeded their powers, refused to hear evidence material to the controversy, conducted the hearing as to substantially prejudice the rights of the plaintiff, and the award was procured by fraud.

WHEREFORE, as a direct and proximate result of the Defendants' acts, the Plaintiff has suffered damages. Plaintiff demands that the Court determine these damages and enter judgment for these damages plus costs and attorneys' fees; that this court vacate or modify the arbitration award or that there be a revocation of the arbitration contract; and for such other relief as this Court deems just, proper, or equitable.

**Plaintiff demands trial by jury on all issues**

Plaintiff by his attorney,

Valeriano Diviacchi
BBO#555940
Diviacchi Law Office
59 Temple Place   Suite 507
Boston, MA 02111
(617) 542-3175            Date:

I HEREBY CERTIFY THAT TRUE COPY
OF THE ABOVE WAS SERVED UPON ALL
ATTORNEYS OF RECORD BY MAIL/FAX/HAND
ON

3