UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO. 05-10120 PBS

| | |
|---|---|
| ALFRED ARCIDI, | ) |
|       Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| J. OWEN TODD, KEVIN T. PETERS, | ) |
| d/b/a TODD & WELD, LLP, | ) |
|       Defendants. | ) |

**MOTION OF DEFENDANTS, J. OWEN TODD AND KEVIN T. PETERS
TO DISMISS AND/OR STAY PROCEEDINGS**

Now come defendants J. Owen Todd and Kevin T. Peters ("Defendants"), and hereby move to dismiss and/or stay these proceedings.  As grounds therefore, the Defendants state that the claims asserted herein are duplicative of claims pending between the Defendants and the plaintiff, Alfred Arcidi ("Arcidi"), in the Suffolk Superior Court, and this action was brought solely to harass, vex, and delay enforcement of a an arbitration award in favor of the Defendants against Arcidi.   In support hereof, the Defendants state as follows:

**I.**    <u>**Relevant Facts**</u>

This action arises out of a fee dispute between Arcidi and the law firm of Todd & Weld, LLP, in which the Defendants are partners.  On September 2, 2003, Todd & Weld initiated an action in the Suffolk Superior Court styled Todd & Weld, LLP v. Alfred Arcidi, C.A. No. 03-4219-BLS (the "State Court Action").   In that action, Todd & Weld sought only to compel arbitration on its fee dispute with Arcidi as called for under a written fee agreement between the parties.  **Exhibit 1**.  On November 3, 2003, Arcidi filed an answer and counterclaim, asserting allegations of malpractice (which are identical to

those asserted in this action).  **Exhibit 2**.  On March 19, 2004, the Suffolk Superior Court, van Gestel, J., stayed the Superior Court Action and directed the parties to proceed to fee arbitration.  **Exhibit 3**.  Thereafter, the parties conducted an arbitration hearing before the Fee Arbitration Board (the "Arbitration Proceeding").  On December 20, 2004, the arbitrators issued an award in favor of Todd & Weld.  E**xhibit 4**.  On December 28, 2004, Arcidi moved to amend his counterclaim in the State Court Action to assert a cause of action seeking to overturn the arbitration award (the same claim asserted in this action).  **Exhibit 5**.  Arcidi has since withdrawn this motion, instead indicating that he believes the matter is already before the State Court.  **Exhibit 6**.

## II.    Argument

### A.    This Court Should Abstain from Exercising its Jurisdiction to Hear Arcidi's Claim to Invalidate the Arbitration Award

Count Two of the plaintiff's complaint seeks to have this Court declare as invalid the arbitration award in favor of Todd & Weld.  Arcidi has asserted that this same issue is already pending in the State Court Action.  **Exhibit 6**.[1]  Under these circumstances, it is appropriate for this Court to decline jurisdiction.

The federal courts have authority to abstain from exercising jurisdiction in all cases in which the court has discretion to grant or deny relief.  Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 718 (U.S., 1996), *citing* New Orleans Public Service, Inc. v. Council of City of New Orleans, 491 U.S. 350, 359 (1989) (mandate of federal jurisdiction "does not eliminate . . . the federal courts' discretion in determining whether to grant certain types of relief").  Such abstention can be applied in civil actions.  Id., *citing* Huffman v. Pursue, Ltd., 420 U.S. 592 (1975); Juidice v. Vail, 430 U.S. 327

---

[1]        All of the claims asserted in this action are duplicative of Arcidi's claims in the State Court Action.

(1977).  The decision whether to abstain from exercising jurisdiction is generally committed to the courts' discretion.  <u>Wilton v. Seven Falls Co.</u>, 515 U.S. 277, 282 (1995) (federal courts have "discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites").

In this case, there are two grounds for declining to hear Arcidi's claims.  First, this Court is permitted to abstain from exercising jurisdiction in cases which are duplicative of a pending state proceeding.  <i>See</i> <u>Colorado River Water Conservation Dist. v. United States</u>, 424 U.S. 800 (1976); <u>Pennsylvania v. Williams</u>, 294 U.S. 176 (1935).  <i>See also</i> <u>Ankenbrandt v. Richards</u>, 504 U.S. 689, 705 (U.S., 1992) (abstention denied because there was no proceeding pending in state court).   Second, abstention from the exercise of federal jurisdiction is also appropriate in those instances where it would clearly serve an important countervailing state interest to order the parties to repair to the State court. <u>Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.</u>, 460 U.S. 1, 14 (1983).

### 1.    This action is duplicative of the State Court Action

Where there is claimed concurrent jurisdiction in both the state and federal courts, deference to state proceedings renders it appropriate for the federal courts to decline jurisdiction.  <u>Iowa Mut. Ins. Co. v. LaPlante</u>, 480 U.S. 9, 20 n. 8 (1987).  In fact, under certain circumstances, federal courts are even required to decline to exercise jurisdiction over certain classes of declaratory judgments.  <i>See, e. g.</i>, <u>Samuels v. Mackell</u>, 401 U.S. 66, 69-70 (1971) (extending <u>Younger</u> abstention to declaratory judgment actions); <i>Great Lakes Dredge & Dock Co. v. Huffman</i>, 319 U.S. 293, 297 (1943).

In this case, Arcidi seeks to have this Court declare invalid the arbitration award in favor of Todd & Weld. Arcidi has made the identical request to the Suffolk Superior Court in the State Court Action. **Exhibit 6**. Accordingly, comity and efficiency dictate that it is appropriate for this Court to permit the issue to be resolved in the State Court Action, and for this Court to decline to conduct parallel track litigation to address this injunctive relief claim.

Similarly, abstention is appropriate to avoid piecemeal litigation with potentially conflicting results. *See* Colorado River at 818. In the State Court Action, Todd & Weld has moved to have the arbitration award confirmed. Conversely, in this action, Arcidi has sought to have the arbitration award overturned. Whether the arbitration award is proper is a function of interpretation of both Massachusetts State law and the prior orders of the trial judge in the State Court Action. Accordingly, the continued prosecution of this issue in this action is either duplicative of the State Court Action or would result in inconsistent rulings between this Court and the State Court on the very same issue.

2.    **State interest dictates that this issue be addressed in the State Court Action**

Abstention is also appropriate "where there have been presented difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar. " Colorado River , 424 U.S. at 814, *citing* La. Power & Light Co. v. City of Thibodaux, 360 U.S. 25 (1959), and Burford v. Sun Oil Co., 319 U.S. 315, 87 L. Ed. 1424, 63 S. Ct. 1098 (1943). Where the state has a particular interest in seeing its laws carried out or interpreting its own judicial

decisions, there is "a doctrine of abstention appropriate to our federal system whereby the federal courts, 'exercising a wise discretion', restrain their authority because of 'scrupulous regard for the rightful independence of the state governments.'" R.R. Comm'n of Tex. v. Pullman Co., 312 U.S. 496, 500 (1941), *quoting* Di Giovanni v. Camden Fire Ins. Asso., 296 U.S. 64, 73 (1935) and Cavanaugh v. Looney, 248 U.S. 453, 457 (1919).  In this instance, Arcidi's request for declaratory relief involves both issues relating to enforcement of Massachusetts law and quasi-judicial proceedings and prior rulings in the State Court Action which dictate that the matter should be addressed where it is already pending; in the Suffolk Superior Court.

The Arbitration Proceeding was conducted by the Fee Arbitration Board of the Massachusetts Bar Association.  The scope of that proceeding was determined by the decisions in the State Court Action, and the award was issued pursuant to the Massachusetts Arbitration Act, M.G.L. c. 251.  Accordingly, and as in other cases in which federal courts have declined jurisdiction, this case presents this Court with the prospect of being required to resolve complicated state law problems.

At the root of Arcidi's request to void the arbitration award is the ruling by Judge van Gestel in the State Court Action interpreting Massachusetts law regarding whether the fee dispute between Arcidi and Todd & Weld which was to be arbitrated, and if so what the scope of that arbitration would be.  Judge van Gestel's ruling resulted from a full briefing and argument of the issues by the various parties.  It was even followed by a petition by Arcidi to the Massachusetts Appeals Court to review that decision (which was rejected).  *See* Docket from the State Court Action, **Exhibit 7**.  Arcidi now seeks to have this Court revisit that very issue.

Two of the major purposes for federal court abstention are to "avoid[] the waste of a tentative decision" and to "avoid[] . . . needless friction between the federal and state proceedings." Ford Motor Co. v. Meredith Motor Co., Inc., 257 F.3d 67, 73 (1st Cir. 2001) (internal quotation marks omitted).  Such abstention may be appropriate "plaintiffs are making identical claims in two state court suits, and the state courts may resolve the claims in ways that would moot, or significantly affect, the claims plaintiffs make here [in federal court] . . . ."  Currie v. Group Ins. Comm'n, 290 F.3d 1, 11 (1st Cir. 2002), quoting Bath Mem'l Hosp., 853 F.2d at 1016.  In this case, Arcidi is making the same claims in this Court as in the State Court Action, and seeking to have this Court interpret Massachusetts law regarding the scope of its own Arbitration Act, as well as to overrule the decision of a Superior Court judge which the Appeals Court declined to hear on an interlocutory basis.  Again, such circumstances call for this Court to abstain from addressing this claim in favor of the prior pending State Court Action.

**B.    This Court Should Abstain from Exercising its Jurisdiction to Hear Arcidi's Legal Malpractice Claim**

Count One of the complaint in this action sets forth a claim for legal malpractice. As with his other claim in this action, this identical claim has already been asserted in the State Court Action.  **Exhibit 2**.  As such, resolution of the State Court Action will, by definition, make the legal malpractice claims asserted in this action moot.  Under such circumstances, abstention is appropriate.  Id.

Moreover, it is the position of the Defendants that the legal malpractice claims have already been addressed as part of the Arbitration Proceeding.  As his "defense" to Todd & Weld's fee claims, Arcidi raised the same conduct forming the legal malpractice claims asserted in the State Court Action and this action.  However, through their award

of the full claimed fees, the arbitrators rejected those claims.  As such, these issues are 'part and parcel' of the claim to invalidate the arbitration award.  Therefore, for the reasons set forth above, this Court should decline to entertain this matter.

Moreover, counsel for Arcidi has all but acknowledged that he has brought this duplicative claim for the purposes of harassment and delay.    In October of 2003, counsel for Arcidi made a settlement offer which was rejected by Todd & Weld. Following Judge van Gestel's ruling that the parties were to proceed to arbitration, counsel for Arcidi undertook a course of conduct designed to delay and avoid the Superior Court's ruling.  Specifically:

-    On May 21, 2004, counsel for Arcidi filed a motion seeking a speedy trial on his counterclaims before any arbitration took place.  That motion was denied without prejudice until after the arbitration was completed.  **Exhibit 7**.

-    In June 2004, counsel for Arcidi sought interlocutory review by the Appeals Court of Judge van Gestel's order.  That request was denied.  **Exhibit 7**.

-    On December 3, 2004, counsel for Arcidi then filed a motion seeking to require a substitution of parties or to dismiss the affirmative claims against his client. That motion was denied pending completion of the arbitration proceeding.  **Exhibit 7**.

-    At the same time, counsel for Arcidi attempted to delay the arbitration proceeding by seeking leave to file a third-party complaint.   Once again, that motion was denied pending completion of the arbitration proceeding.  **Exhibit 7**.

During this period of stalling, counsel for Arcidi wrote to counsel for Todd & Weld regarding his prior settlement offer.  In that letter, he indicated that Todd & Weld should accept his client's offer, or years would pass before while he proceeded with litigation in the Superior Court.  Letter from Attorney Diviacchi dated October 18, 2004, **Exhibit 8**. The clear intent of this statement was to advise Todd & Weld that unless they accepted Arcidi's offer, his counsel would use whatever means he could to delay this matter. When the Arbitration Proceeding was compelled, and it became clear that the State

Court Action would be limited, if not completely extinguished by its findings, counsel for Arcidi brought this action as yet another in his series of delaying tactics. As there are no legitimate grounds for pursing this claim in addition to the State Court Action, and as its sole purpose is to harass the Defendants, it should not be entertained by this Court.

**C.    Alternatively, this Court Should Stay Arcidi's Legal Malpractice Claim**

The U.S. Supreme Court has applied abstention principles to actions "at law," such as Arcidi's legal malpractice claims, to permit a federal court to enter a stay order that postpones adjudication of the dispute. *See, e. g.*, Quackenbush, 517 U.S. at 719-720; Thibodaux, 360 U.S. at 28-30 (approving stay order); Fornaris v. Tool Co., 400 U.S. 41, 44 (1970) (per curiam) (directing district court to "hold its hand until the Puerto Rican Supreme Court has authoritatively ruled on the local law question in light of the federal claims" (footnote omitted); United Gas Pipe Line Co. v. Ideal Cement Co., 369 U.S. 134, 135-136 (1962) (per curiam) ("Wise judicial administration in this case counsels that decision of the federal question be deferred until the potentially controlling state-law issue is authoritatively put to rest"); Clay v. Sun Ins. Office Ltd., 363 U.S. 207, 212 (1960) (approving "postponement of decision" in damages suit). The same factors which dictate abstention in this matter also call for this Court to stay these proceedings.

As discussed above, there is already a prior pending State Court Action between the same parties asserting the same claims. In that State Court Action, the court has already issued decisions regarding interpretation of state law which impact upon Arcidi's legal malpractice claims. Moreover, there is no federal question presented in this action which necessitates proceeding before this Court. Under such circumstances, this action should be stayed until the State Court Action has been completed so as to determine

whether this action is necessary or appropriate.  Such a stay is in the interests of both the parties (as it minimizes the expense of the parties by permitting only one set of discovery as to these issues) and the Court (since the decision of a this state law issue by the state court before which it is pending would eliminate the need for this Court to address the same claims under the principal of *res judicata*).

## III.    Conclusion

For the foregoing reasons, the Defendants request that this Court abstain from exercising jurisdiction over this action or, in the alternative, stay this proceeding pending resolution of the State Court Action.

Respectfully submitted,

J. OWEN TODD  and KEVIN T. PETERS
By their Attorneys,

MORRISON MAHONEY LLP


/s/sbolotin_____
Scott Douglas Burke, BBO#551255
Steven J. Bolotin, BBO#564085
250 Summer Street
Boston, MA  02210
(617) 439-7500

    - and –

STERN, SHAPIRO, WEISSBERG & GARIN


/s/kresnick_____
Max D. Stern, BBO#479560
Kenneth M. Resnick, BBO#637527
90 Canal Street
Boston, MA  02114
(617) 742-5800

EXHIBIT 1

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.
                                                    SUPERIOR COURT
                                                    C.A. NO. 03-_____BLS

TODD & WELD, LLP                    )
                                    )
        Plaintiff,                  )
                                    )
v.                                  )          03-4219 βᴸˢ
                                    )
ALFRED ARCIDI,                      )          RECEIVED
                                    )
        Defendant.                  )          SEP 0 3 2003
                                    )
                                               SUPERIOR COURT
                                               DEPARTMENT OF THE TRIAL COURT
                                               FOR CIVIL BUSINESS

## COMPLAINT TO COMPEL ARBITRATION

Todd & Weld LLP ("Todd & Weld") by and through its attorneys, brings this

complaint seeking to compel fee arbitration pursuant to the parties' engagement agreement.

For its complaint, Todd & Weld states as follows:

### PARTIES

1)      Plaintiff Todd & Weld, LLP is a limited liability partnership whose attorneys

practice litigation primarily in the Courts of the Commonwealth of Massachusetts.  Todd &

Weld's offices are located at 28 State Street, Boston, Massachusetts.

2)      Defendant Alfred Arcidi ("Arcidi") is a resident of the Commonwealth of

Massachusetts with a principal address upon information and belief of 60 Court Street, North

Andover, Massachusetts.

### FACTS

3)      In December of 2000, Arcidi retained Todd & Weld to represent Angelo

Marotta, Louise Marotta, and him in connection with a law suit filed by Joseph Caruso, Jr., John Caruso, and Frank Caruso, Jr. (collectively, the "Carusos") against them in Essex County Superior Court.

4)     In connection with his retention of Todd & Weld, Arcidi signed an engagement letter, a copy of which is attached hereto and incorporated by reference as Exhibit A.

5)     The Engagement Letter states in relevant part:

> In the event any disagreement arises between the firm and you as to any amounts owed for legal services performed or expenses incurred by the firm, both you and the firm agree that we will submit any such disputes to the Fee Arbitration Board of the Massachusetts Bar Association for resolution.

6)     On March 6, 2003, Todd & Weld made an arbitration demand with the Fee Arbitration Board of the Massachusetts Bar Association. A copy of the demand is attached hereto and incorporated by reference as Exhibit B.

7)     Arcidi (through counsel) has refused to participate in arbitration. His response to the demand is attached hereto as Exhibit C.


## COUNT I
### (G.L. c. 251, §2)

8) Todd & Weld incorporates the allegations of paragraphs 1-7 of this complaint as if fully set forth herein.

9) Arcidi has a contractual and legal obligation to submit his fee and expense dispute with Todd & Weld to the Fee Arbitration Board of the Massachusetts Bar Association for

2

resolution. Arcidi has refused to arbitrate.

11) Pursuant to G.L. c. 251, § 2, Todd & Weld requests this Court issue an order

directing the parties to proceed to arbitration before the Fee Arbitration Board of the

Massachusetts Bar Association.

<u>**COUNT II**</u>
**(Declaratory Judgment)**

12)    Todd & Weld incorporates the allegations of paragraphs 1-11 of this complaint

as if fully set forth herein.

13)    An actual dispute has arisen as to whether Arcidi is required to submit to

arbitration. Pursuant to Mass. Gen. L. ch. 231A, § 1 et seq., Todd & Weld requests a

declaration of its right to compel arbitration pursuant to the parties' engagement letter.

3

WHEREFORE, Todd & Weld respectfully requests that this Court:

1)      Enter an injunction requiring Alfred Arcidi to submit to arbitration before the Fee Arbitration Board of the Massachusetts Bar Association ;

2)      Issue a declaratory judgment that Todd & Weld has the right to require that fee disputes with Alfred Arcidi be submitted to arbitration before the Fee Arbitration Board of the Massachusetts Bar Association;

3)      Award Todd & Weld its costs and attorneys' fees; and

4)      Allow such other and further relief as the Court deems just and appropriate.

TODD & WELD LLP

By its attorneys,

Max D. Stern  (BBO No. 479560)
Kenneth M. Resnik (BBO No. 637527)
STERN, SHAPIRO, WEISSBERG
   & GARIN
90 Canal Street
Boston, MA 02114
(617) 742-5800

Dated:  September 2, 2003

4

EXHIBIT 2

Thursday, November 13, 2003  9:06 AM        To: Atty Kenneth M. Resnik        From: Valeriano Diviacchi, 617-542-3110        Page 2 of 6

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS                                SUPERIOR COURT C.A. NO.
                                           03-4219-BLS

_____

TODD & WELD, LLP

      Plaintiff

v.

ALFRED ARCIDI

      Defendant

_____

ANSWER/COUNTERCLAIM/JURY DEMAND

1.  Defendant has insufficient information to admit or deny.

2.  Admitted.

3.  Admitted.

4.  No response is necessary as the document speaks for itself. Plaintiff further notes that this fee agreement applies only to the Frank Caruso et al v. Angelo Marotta et al matter and not to the four or more other matters that are billed in the Plaintiff's billing that is the subject of this Action. Plaintiff further states that the subject document was subsequently at Plaintiff's request rescinded and modified to a contingent fee agreement.

5.  Admitted that the document states such and Plaintiff further notes that this fee agreement applies only to the Frank Caruso et al v. Angelo Marotta et al matter.

6.  No response is necessary as the document speaks for itself and Plaintiff further attaches his response to that demand.

7.  Denied. The actual response is attached.

1

Count I - (G.L.c. 251 sec. 2)

8.  Defendant incorporates by reference responses 1 - 7 set forth above.

9.  Denied.

10. - there is no paragraph 10 -

11. No response is necessary as this is a request for relief.

Count II - (Declaratory Judgment)

12. Defendant incorporates by reference paragraphs 1 - 11 set forth above.

13. Denied.

AFFIRMATIVE DEFENSES

If the Plaintiff(s) suffered injury as alleged in the Complaint, which is denied:

1.  The Complaint fails to state a claim upon which relief may be granted.

2.  The Complaint is barred by the applicable Statute of Frauds.

3.  The Plaintiff(s) Complaint is barred by the doctrine of estoppel.

4.  The Complaint is barred by the doctrine of laches.

5.  By their acts, conduct and omission, the Plaintiff(s) have waived their claims against the Defendant(s).

6.  Defendant(s) says that if the Plaintiff(s) suffered injuries or damages, which is denied, there has been accord and satisfaction for such injuries or damages.

7.  The Complaint is barred by the fraud committed by the Plaintiff(s).

8.  The Complaint is barred by the illegality committed by the Plaintiff(s).

9.  Defendant(s) says that if the Plaintiff(s) suffered injuries or damages, which is

2

Thursday, November 13, 2003  9:06 AM     To: Atty Kenneth M. Resnik     From: Valeriano DiMacceri, 617-542-3110         Page 4 of 6

denied, such actions by the Defendant(s) material to such injuries or damages resulted from the license and authority of a third person.

      10.    Defendant(s) says that if the Plaintiff(s) suffered injuries or damages, which is denied, there has been payment by the Defendant(s) for such injuries or damages.

      11.    The Complaint is barred by the doctrine of res judicata.

      12.    The Plaintiff(s) do not enter this litigation with clean hands.

      13.  This Court lacks jurisdiction over a party in this action.

      14.  This Court is not proper venue for this action.

      15.  There is pending a prior action in a court of the Commonwealth.

## COUNTERCLAIM

1.    By way of background, the Caruso litigation referenced in the Plaintiff's Complaint and that is the subject of this Counterclaim and the additional Fadili litigation that subsequently occurred and that is also the subject of this Counterclaim but that was never covered by the Plaintiff's referenced hourly fee agreement arises out of the proposed sale of Caruso Music Corporation and Foods, Inc. of Saugus to Adel Fadili.

2.    During the subject litigation, Attorney Kevin Peters of Todd & Weld filed an emergency motion to compel stockholders meetings of Caruso Music Corporation and Foods, Inc. of Saugus.  The motion was filed on behalf of one individual stockholder, Louise Marotta, who held 24.5% of the stock of both corporations.

3.    At the hearing, Denise Fadili identified herself as clerk of both corporations and stated that Ms. Marotta held only 5% of the stock.  Attorney Peters had Ms. Marotta's stock certificates

3

in his office, but neglected to bring them with him to the hearing.

4.    The motion was denied. The motion was filed within 30 days of Adel Fadili's default on
the stock purchase agreement. At this point, Mr. Fadili had convinced Joseph, John & Frank
Caruso to align themselves with him. It took Todd & Weld 3-4 months to obtain a court order
compelling the meeting, during which time control of the corporations were left in limbo and the
assets deteriorated further.

5.    Just prior to the scheduled closing date under the stock purchase agreement with Mr.
Fadili, Angelo Marotta received a letter from Mr. Fadili stating that in order to close he needed a
legal opinion regarding the status of two pending lawsuits, *Caruso v. Marotta & Arcidi and
Good Earth Farms v. Caruso Music Corporation*. Mr. Marotta showed the letter to Attorney
Peters who told Mr. Marotta to ignore the letter. Mr. Fadili used this as a reason not to close
under the stock purchase agreement, thus control of the corporations was left in limbo and the
assets deteriorated further.

6.    After these events and after considerable expense was put into this litigation, Dr. Arcidi
then asked for a meeting with Owen Todd. At that meeting, Dr. Arcidi explained to Attorney
Todd that he had hired Attorney Todd to handle his work, not Attorney Peters, that he was not
satisfied with Attorney Peters, and that he intended to terminate Todd & Weld and hire another
firm. At that point, Attorney Todd called Dr. Arcidi out of the conference room and told him not
to worry, that the case was going well, and that the firm would work on a contingency basis, and
that Attorney Todd would take a more active role going forward.

7.    When Dr. Arcidi returned to the conference room, he and Attorney Todd told those in
attendance that Todd & Weld would be working on a contingency basis and that Attorney Todd

4

would be more directly involved going forward. Present at this meeting were Dr. Arcidi, Phil

Arcidi, Mr. Marotta, Attorney Todd, Attorney Peters, another person from Todd & Weld

(perhaps an associate or paralegal), and an accountant from the accounting firm of Shapiro &

Weiss.

8.  During the litigation, Todd & Weld recommended that a forensic accountant be retained

to examine the books of Foods, Inc. of Saugus and Caruso Music Corporation. Mr. Marotta had

a firm lined up to handle the work for three thousand dollars (S3,000.00). Attorney Peters stated

that he had a better firm, Shapiro & Weiss, who would handle the work for the same amount.

Shapiro & Weiss ultimately rendered a bill for approximately sixty thousand dollars ($60,000.00)

and never completed the assignment.

COUNT I
Malpractice - Negligence

9.  Plaintiff-in-Counterclaim reavers the allegations contained in Paragraphs 1

through 8 herein.

10.  The above facts constitute attorney malpractice by agents of the Defendant-in-

Counterclaim for whom the Defendant-in-Counterclaim is vicariously liable.

COUNT II

11.  Plaintiff-in-Counterclaim reavers the allegations contained in Paragraphs 1

through 10 herein.

12.  Defendant-in-Counterclaim's conduct and services as described above occurred

primarily and substantially in the Commonwealth of Massachusetts.

13.  The following conduct of Defendant-in-Counterclaim's agents as described above

constitutes one or more instances of unfair and deceptive trade practices, undertaken willfully,

5

knowingly and in violation of G.L. c. 93A, §2 and 11 and 9. Defendant-in-Counterclaim's agent

Owen Todd was hired to represent the Plaintiff-in-Counterclaim based on his extensive

experience and knowledge of civil litigation and he represented that he would be handling

Dr.Arcidi' case. However, the case was then passed on to several less qualified associates who

without supervision went on to generate extensive and numerous wasted billable time resulting in

fees that are clearly excessive. When confronted with this fact, Attorney Todd stated that the

matter was converted to a contingent fee agreement however now he has gone back on this

representation and oral modification and failed to place the contingent fee agreement in writing

as, unknown to Dr. Arcidi, it is required to be in writing. Defendant-in-Counterclaim is

vicariously liable for these unfair and deceptive acts.


WHEREFORE:

As a direct and proximate result of the failure of Defendant-in-Counterclaim to provide Plaintiff-

in-Counterclaim with competent representation, Dr. Arcidi has suffered and will continue to

suffer substantial damages including, but not limited to compensatory, expectancy, incidental,

and consequential damages. Defendant/Plaintiff-in-Counterclaim demands that the Complaint be

dismissed, that this Court determine his damages, and that judgment against Defendant-in-

Counterclaim/Plaintiff enter for the following:

     1.     Expectancy, compensatory, incidental and consequential damages as determined

by the Court.

     2.     Damages for unfair and deceptive acts and practices in violation of Massachusetts

General Laws, Chapter 93A.

     3.     Up to three but no less than two times the amount of damages for Defendants'

knowing and willing violation of M.G.L. c. 93A, §2 and 11 and 9.

     4.     Costs and attorneys' fees;

     5.     Such other relief as this Court deems just, proper and equitable.

Thursday, November 13, 2003  9:06 AM     To: Atty Kenneth M. Resnik     From: Valeriano Diviacchi, 617-542-3110

PLAINTIFF-IN-COUNTERCLAIM/DEFENDANT HEREBY DEMANDS A JURY TRIAL ON

ALL ISSUES.

By his attorney,

_____

Valeriano Diviacchi
BBO#555940
Diviacchi Law Office
59 Temple Place   Suite 507
Boston, MA 02111
(617) 542-3175                    Date:

7

EXHIBIT 3



COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

Notice sent:
03/22/04(1.1.)
M.D.S.-SSW&G.
K.M.R.
V.D.-D&D.

SUPERIOR COURT
CIVIL ACTION
NO. 03-4219 BLS
(Judge van Gestel)

TODD & WELD, LLP

vs.

ALFRED L. ARCIDI

## MEMORANDUM AND ORDER ON MOTION FOR SUMMARY JUDGMENT AND TO STAY FOR ARBITRATION

This matter is before the Court on the Plaintiff's Motion for Summary Judgment (Paper #12) and its related Motion to Stay Litigation Pending Arbitration (Paper #14). The facts which follow are undisputed.

### BACKGROUND

In December of 2000, the defendant, Alfred L. Arcidi ("Arcidi"), retained the law firm of Todd & Weld, LLP ("Todd & Weld") to represent himself, Angelo Marotta and Louise Marotta in connection with a lawsuit in the Essex County Superior Court (the "Essex case") filed against Arcidi and the Marottas on December 13, 2000, by Joseph Caruso, Jr., John Caruso and Frank Caruso, Jr. (collectively, "the Carusos"). The Essex case centered on the purchase and management of Caruso Music, Inc. and Foods, Inc. of Saugus by Arcidi and the Marottas. The suit was for money damages from the defendants, the appointment of a receiver for Foods, Inc. and Caruso Music, Inc., an injunction preventing the defendants from selling or transferring their interests in theses businesses, and a full and complete accounting.

Arcidi signed an engagement letter with Todd & Weld in connection with its



representation of him and the Marottas. This engagement letter provided that the charges for legal services were based on hourly rates that Todd & Weld generally billed monthly, and that "bills are due and payable within fifteen (15) days."

The engagement letter further provided that "[t]he engagement may be terminated by either party subject to the payment of all final billings . . . . Withdrawal from this agreement will be effective upon delivery of written notice of withdrawal by either party."

The engagement letter contained a provision calling for arbitration in the event of a disagreement over fees. That provision reads in its entirety:

> In the event any disagreement arises between the firm and you as to any amounts owed for legal services performed or expenses incurred by the firm, both you and the firm agree that we will submit any such disputes to the Fee Arbitration Board of the Massachusetts Bar Association for resolution.

As described in greater detail below, Arcidi contends that the engagement letter was rescinded or modified into a contingent fee agreement about a year after it was executed.

From the time of its engagement until February 14, 2003, Todd & Weld provided legal services to Arcidi and the Marottas. Over the course of its representation of Arcidi and the Marottas, Todd & Weld billed for services provided, as well as for expenses incurred.

No written contract, other than the engagement letter, was ever entered into between Todd & Weld and Arcidi or the Marottas regarding this representation.

In his deposition, Arcidi testified that there was a meeting at Todd & Weld sometime in 2001, at which his dissatisfaction with the representation he and the Marottas were receiving and the continued representation by Todd & Weld was under consideration. Arcidi expressed his intention to terminate Todd & Weld because he claimed the firm was not representing them

2

zealously enough. Arcidi claims that Attorney J. Owen Todd asked him to step outside the

meeting room and told him: "I know you, relax, you're on a contingency basis, don't worry

about the dough, and I'm going to get on it."

In describing the "contingency," Arcidi also testified in his deposition as follows:

> We didn't define contingency. We didn't – I know contingency means if you win, you get paid. But, he was keeping – and he was billing me every month, so I made assumptions that I would – once we win, I would just pay him. You know, I was going to sell [the property that was subject to dispute], and give him the dough. That was it.
>
> In other words, he [Mr. Todd] says, don't pay me, if you don't win, you don't pay nothing. If we win, you just pay me the fees that I am billing you. That's the contingency . . . . My definition of contingency is what I just told you. That you get . . . paid only this, and all they have to do is pay expenses. That's what a contingency is. Did he send me a letter, no. Did he sign it, no. His word was good enough for me. . . . The fact that he was billing me meant just this, when we win he gets his pay. If we don't win, I'll take care of his expenses. . . . When I say that I sent him $100,000, and it wasn't for the outstanding bill, they sent it to him for expenses and to keep him quiet and keep going. If you notice, when did I send him the $100,000? I mean, let's put things in the right order. Why did I – did I respond, yea, here's 100 grand. But I still thought I was in a contingency. And I thought he had this list of expenses and costs.

There was no discussion about reducing such an arrangement to writing, and the

agreement was not reduced to writing.

Todd & Weld, because it disagrees that there was ever a modification to a contingent fee

agreement, continued to send Arcidi bills.

On May 3, 2002, Mr. Todd wrote to Arcidi, informing him that the balance for "Caruso

related matters" was $165,521.50 and that Todd & Weld would be forced to withdraw from

representing Arcidi unless he immediately was paid $50,000 towards the outstanding bill.

On May 17, 2002, Mr. Todd again wrote Arcidi, asking Arcidi to follow through on a

3

promise that he and Angie Marotta would both pay $50,000 towards the outstanding bill.

On or about May 28, 2002, Arcidi made payment to Todd & Weld in the amount of $100,000. Arcidi now claims that "this payment was for costs and expenses within the context of the contingent fee arrangement."

On September 9, 2002, Attorney Howard M. Cooper of Todd & Weld wrote to Arcidi, informing him that Todd & Weld would withdraw as counsel if his account was not paid by the end of that week. Mr. Cooper pointed out that the balance had grown to $233,499. The payments were not made and are outstanding today.

The parties remain in disagreement as to whether there ever was a contingent fee agreement, or even an agreement to enter into such an agreement. There is, however, no disagreement that the engagement letter was the original agreement between Todd & Weld and Arcidi.

On March 6, 2003, Todd & Weld made an arbitration demand with the Fee Arbitration Board of the Massachusetts Bar Association. Through counsel, Arcidi has refused to participate in arbitration.

## DISCUSSION

Summary judgment is granted where there are no issues of genuine material fact, and the moving party is entitled to judgment as a matter of law. Lindsay v. Romano, 427 Mass. 771, 773 (1998); Hakim v. Massachusetts Insurers' Insolvency Fund, 424 Mass. 275, 281 (1997); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Mass. R. Civ. P. 56(c). The moving party bears the burden of affirmatively demonstrating that there is no triable issue of fact. Pederson v. Time,

4

Inc., 404 Mass. 14, 17 (1989).

In assessing the motion before it, the Court first reflects upon the stated purpose of the Massachusetts Rules of Civil Procedure. The Rules are to "be construed to secure the just, speedy, and inexpensive determination of every action." Rule 1. When applying the Rules, judges must exercise their powers to make them "instruments for the promotion of justice . . . not the exaltation of mere technicalities." Beaupre v. Cliff Smith & Associates, 50 Mass. App. Ct. 480, 484 n.8 (2000). This applies to Rule 56 as much as to all of the others.

A second concept that looms large in this case is the fact that what is at issue, among other things, is whether the underlying matter ought to be resolved by a judge or jury or by arbitration.

Arbitration is always a matter of contract, and a party cannot be required to submit any dispute to arbitration unless he has agreed to do so. Local Union No. 1710, Intern. Ass'n of Fire Fighters, AFL-CIO v. City of Chicopee, 430 Mass. 417, 421 (1999); Rae F. Gill, P.C. v. DiGiovanni, 34 Mass. App. Ct. 498, 501 (1993). Here, of course, there is a contract calling for arbitration – the engagement letter between Arcidi and Todd & Weld.

There is no question but that the engagement letter constitutes an agreement to submit the matter of a dispute over Todd & Weld's attorneys' fees to arbitration before the Fee Arbitration Board of the Massachusetts Bar Association.

"Once it is determined . . . that the parties are obligated to submit the subject matter of a dispute to arbitration, 'procedural' questions which grow out of the dispute should be left to the arbitrator[s]." John Wiley & Sons, Inc. v. Livingston, 376 U.S. 543, 557 (1964). See also, Paines Webber, Inc. v. Elahi, 87 F.3d 589, 599-600 (1st Cir. 1996); Local 285, SEIU v. Nonotuk

5

Resource Associates, Inc., 64 F.3d 735, 740 (1st Cir. 1995).

Courts have very limited roles to play in matters in arbitration. Basically, a judge may, at the beginning, determine whether the parties have agreed to arbitrate a particular matter and, at the end – subject to a very narrow scope – determine whether to set aside the arbitration award. However, once it is determined according to the parties' agreement that a matter should be arbitrated, then questions relating to the interpretation of the agreement are for the arbitrator, not the Court. See Barnstead v. Ridder, 39 Mass. App. Ct. 934, 936 (1996). Similarly, the arbitration award may only be set aside if the arbitrator(s) exceeded the scope of their authority or decided the matter based on fraud, arbitrary conduct, or procedural irregularities in the hearing. See, e.g., Plymouth-Carver Regional School District v. J. Farmer & Co., Inc., 407 Mass. 1006, 1007 (1990).

Where a contract contains an arbitration clause, there is a presumption of arbitrability. Arbitration should not be denied unless it can be said with "positive assurance" that the particular arbitration clause cannot be construed to cover the dispute in issue. Drywall Systems, Inc. v. ZVI Construction Co., 435 Mass. 664, 666-667 (2002). The only "positive assurance" here is just to the contrary – clearly the arbitration clause covers disputes over attorneys' fees like that presented here.

There is a strong public policy favoring arbitration, and Courts must be exceedingly cautious about interfering with the proceeding or its results. Bureau of Special Investigations v. Coalition of Public Safety, 430 Mass. 601, 603-604 (2000); Minton Const. Corp. v. Commonwealth, 397 Mass. 879, 880 (1986); Carpenter v. Pomerantz, 36 Mass. App. Ct. 627, 628 (1994).

6

Arcidi argues that the agreement contained in the engagement letter has been amended to change it to a contingent fee agreement or that there has been a novation to that effect. But

> [t]he termination of a contract, whether by rescission according to its terms, by abandonment, by termination for justifiable cause, or otherwise, does not necessarily terminate a provision for arbitration or other agreed procedure for resolution of disputes. Such provisions should be construed as broadly as the parties intended.

Mendez v. Trustees of Boston University, 362 Mass. 353, 356 (1972). See also Carpenter v. Pomerantz, supra, 36 Mass. App. Ct. at 629-630.

This Court concludes that all of the issues raised by Arcidi relating to the engagement letter, at least as applied to disputes over fees, including those relating to any possible amendment to the agreement or an novation thereof, are for the Fee Arbitration Board to resolve, not for this Court as a means of prohibiting or controlling the arbitration process.

ORDER

For the foregoing reasons, the Plaintiffs' Motion for Summary Judgment (Paper #12) is ALLOWED. Further, the Plaintiff's Motion to Stay Litigation Pending Arbitration (Paper #14) is also ALLOWED. As a result, any issues not arbitrable and raised in this litigation, including any discovery thereon, are STAYED pending completion of the arbitration before the Fee Arbitration Board of the Massachusetts Bar Association.

<br>

Allan van Gestel
Justice of the Superior Court

DATED:     March 19, 2004

7

EXHIBIT 4

of the
## MASSACHUSETTS BAR ASSOCIATION

Todd & Weld, Petitioner

vs.                                                    FAB CASE #:04-025

Alfred  Arcidi, Respondent

### AWARD OF THE ARBITRATORS

The matter having been submitted by Agreement to resolve a legal fee dispute and having come before Peter

G. DeGelleke presiding, Raymond S. Ewer and Janie L. Culbert as the duly constituted panel of the Fee

Arbitration Board, who conducted the hearing in accordance with the Rules of the Board and all relevant law

and received testimony and other evidence, the arbitrators hereby determine as follows:

   1.  The amount charged by the attorney is:
      (a) fee(s) for legal services        $373,566.50
      (b) for costs and disbursements     $ 41,283.50
      (c) other                       $ – 0 –
      (d) TOTAL OF ALL CHARGES     $414,850.00

   2.  The TOTAL REASONABLE AMOUNT
     for fees, costs and disbursements is found to be:   $399,665.00

   3.  The AMOUNT PAID by the client is:     $121,733.00

**Pursuant to the above findings, the total amount of $ 277,932.00------ is due to be**
~~payable by the attorney to the client~~ **paid by the client to the attorney.**

_____, Chief

NOTICE CONCERNING THE RIGHT TO APPEAL:  If a party is not satisfied with an Award, there is a limited right to appeal. Under General Laws c. 251, any such party must be filed within **thirty (30) days of the award** in the Superior Court Department of the Trial Court.  The Statute provides that an award may be vacated or modified only if there is proof that (1) the award was procured by corruption, fraud or other undue means; (2) there was evident partiality by an arbitrator or corruption or any of the arbitrators or misconduct prejudicing the rights of any party; (3) the arbitrators exceeded their powers; or (4) the arbitrators refused to postpone the hearing upon sufficient cause being shown or refused to hear evidence material to the controversy or otherwise so conducted the hearing as to prejudice substantially the rights of the party.

## FAB Memorandum Concerning
## Factors Influencing Decision

The arbitrator(s) considered each of the factors set forth below, which are drawn from the "guides in determining the reasonableness of a fee" set forth in Rule 1.5 of the Massachusetts Rules of Professional Conduct, Supreme Judicial Court Rule 3:07.  Please note that either the presence or absence of any factor may be an influence.  For example, "an agreement concerning the fee" might be a "principal factor" either if there was an agreement which controlled *or* if there was no agreement in circumstances where one is required (such as contingent fee).  Each factor is marked to indicate the relative amount, if any, by which it influenced (either way) the decision.

### KEY
P = principal factor
R = other relevant factor
N = not applicable to this case

1. The quantity of time and labor required:                                    *P*

2. The experience, reputation and ability of the person(s) performing the services:                                    P

3. The novelty and difficulty of questions involved:                                    R

4. The skill requisite to perform the legal services properly:                                    R

5. The time constraints imposed by the client or by the circumstances:                                    N

6. The likelihood, apparent to the client, that the acceptance of the particular employment would preclude other employment by the lawyer:                                    N

7. The nature and length of the professional relationship with the client:                                    P

8. Any contingency of the fee:                                    P

9. An agreement concerning the fee:                                    P

10. The fee customarily charged in the locality for similar legal services:                                    R

11. The amount involved and the results obtained:                                    R

Case No. _O4-025_

Date _12|20|04_

Arbitrator(s) _____

**In proceedings before the LEGAL FEE ARBITRATION BOARD**
**of the**
**MASSACHUSETTS BAR ASSOCIATION**

Todd & Weld, Petitioner

vs.                                                              FAB CASE #:04-025

Alfred  Arcidi, Respondent

## AMENDED AWARD OF THE ARBITRATORS

The matter having been submitted by Agreement to resolve a legal fee dispute and having come before Peter G. DeGelleke presiding, Raymond S. Ewer and Janie L. Culbert as the duly constituted panel of the Fee Arbitration Board, who conducted the hearing in accordance with the Rules of the Board and all relevant law and received testimony and other evidence, and after reviewing the Petitioner's Motion to Correct or Modify the "Amount Charged" and the Respondent's Opposition, the arbitrators hereby determine that the correct figure of fees charged to the client is $365,974.50 and the amended award has been corrected to reflect this correction as follows:

1. The amount charged by the attorney is:
   (a) fee(s) for legal services                    $ 365,974.50
   (b) for costs and disbursements                  $  41,283.50
   (c) other                                        $ - 0 -
   (d) TOTAL OF ALL CHARGES·                         $ 407,258.00

2. The TOTAL REASONABLE AMOUNT
   for fees, costs and disbursements is found to be:   $ 399,665.00

3. The AMOUNT PAID by the client is:                   $ 121,733.00

Pursuant to the above findings, the total amount of $ 277,932.00 is due to be ~~repaid by the attorney to the client.~~ paid by the client to the attorney.

DATE: _January 6, 2005_                                          _____, Chief



NOTICE CONCERNING THE RIGHT TO APPEAL: If a party is not satisfied with an Award, there is a limited right to appeal. Under General Laws c. 251, any such party must be filed within **thirty (30) days of the award** in the Superior Court Department of the Trial Court. The Statute provides that an award may be vacated or modified only if there is proof that (1) the award was procured by corruption, fraud or other undue means; (2) there was evident partiality by an arbitrator or corruption of any of the arbitrators or misconduct prejudicing the rights of any party; (3) the arbitrators exceeded their powers; or (4) the arbitrators refused to postpone the hearing upon sufficient cause being shown or refused to hear evidence material to the controversy or otherwise so conducted the hearing as to prejudice substantially the rights of the party.

EXHIBIT 5

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS                                SUPERIOR COURT C.A. NO.
                                           03-4219-BLS

_____

TODD & WELD, LLP

      Plaintiff

v.

ALFRED ARCIDI

      Defendant

_____


## DEFENDANT'S MOTION TO AMEND THE COUNTERCLAIM

Defendant moves that he be allowed to amend the Counterclaim to avoid the filing of a separate civil action to plead an appeal of the arbitration hearing ordered by this Court and to add an additional basis for relief consisting of the dismissal of an underlying counterclaim caused by the Plaintiff's negligent pleading of parties in the dismissed counterclaim. Plaintiff submits the following and a proposed amended Counterclaim is attached:

1.    Pursuant to the Court's Order in this Action over-ruling Defendant's objections, there has been an arbitration of the Plaintiff's claimed legal fees that resulted in a decision dated 12/20/04 that was delivered to the Defendant/Plaintiff-in-Counterclaim on 12/24/04.

2.    Pursuant to *M.G.L.c. 251,* Defendant/Plaintiff-in-Counterclaim appeals the Decision of the Arbitrators and moves that it be vacated or modified because there was an evident miscalculation of figures, the arbitrators exceeded their powers, refused to hear evidence material to the controversy, and conducted the hearing as to substantially prejudice the rights of the Defendant/Plaintiff-in-Counterclaim.

1

3.      Todd & Weld had filed a counterclaim on behalf of the Defendant/Plaintiff-in-Counterclaim in the underlying litigation that had damages in excess of a $1,000,000. After the filing of this Action by the Plaintiff and the Answer and Counterclaim in this Action, that underlying counterclaim was dismissed because Plaintiff Todd & Weld failed to plead it properly.

4.      In order to avoid the filing of a separate Action, Defendant submits that it would be in the interest of conservation of resources and procedural justice to allow an amendment of the filed Counterclaim to add these issues to this Action. A proposed Amended Counterclaim is attached.

THEREFORE, Defendants asks that the attached amendment be allowed.

Defendant by his attorney,

Valeriano Diviacchi
BBO#555940
Diviacchi Law Office
59 Temple Place    Suite 507
Boston, MA 02111
(617) 542-3175                              Date:

2

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS                                    SUPERIOR COURT C.A. NO.
                                              03-4219-BLS

---

TODD & WELD, LLP

     Plaintiff

v.

ALFRED ARCIDI

     Defendant

---

### AMENDED COUNTERCLAIM/JURY DEMAND

1.      By way of background, the Caruso litigation referenced in the Plaintiff's Complaint and that is the subject of this Counterclaim and the additional Fadili litigation that subsequently occurred and that is also the subject of this Counterclaim but that was never covered by the Plaintiff's referenced hourly fee agreement arises out of the proposed sale of Caruso Music Corporation and Foods, Inc. of Saugus to Adel Fadili.

2.      During the subject litigation, Attorney Kevin Peters of Todd & Weld filed an emergency motion to compel stockholders meetings of Caruso Music Corporation and Foods, Inc. of Saugus. The motion was filed on behalf of one individual stockholder, Louise Marotta, who held 24.5% of the stock of both corporations.

3.      At the hearing, Denise Fadili identified herself as clerk of both corporations and stated that Ms. Marotta held only 5% of the stock. Attorney Peters had Ms. Marotta's stock certificates in his office and had witnesses and documents available to prove the ownership of the certificates but neglected to bring them with him nor to use them at the hearing.

1

4.    The motion was denied.  The motion was filed within 30 days of Adel Fadili's default on the stock purchase agreement.  At this point, Mr. Fadili had convinced Joseph, John & Frank Caruso to align themselves with him.  It took Todd & Weld 3-4 months to obtain a court order compelling the meeting, during which time control of the corporations were left in limbo and the assets deteriorated further.

5.    Just prior to the scheduled closing date under the stock purchase agreement with Mr. Fadili, Angelo Marotta received a letter from Mr. Fadili stating that in order to close he needed a legal opinion regarding the status of two pending lawsuits, *Caruso v. Marotta & Arcidi and Good Earth Farms v. Caruso Music Corporation.*  Mr. Marotta showed the letter to Attorney Peters who told Mr. Marotta to ignore the letter.  Mr. Fadili used this as a reason not to close under the stock purchase agreement, thus control of the corporations was left in limbo and the assets deteriorated further.

6.    After these events and after considerable expense was put into this litigation, Dr. Arcidi then asked for a meeting with Owen Todd.  At that meeting, Dr. Arcidi explained to Attorney Todd that he had hired Attorney Todd to handle his work, not Attorney Peters, that he was not satisfied with Attorney Peters, and that he intended to terminate Todd & Weld and hire another firm.  At that point, Attorney Todd called Dr. Arcidi out of the conference room and told him not to worry, that the case was going well, and that the firm would work on a contingency basis, and that Attorney Todd would take a more active role going forward.

7.    When Dr. Arcidi returned to the conference room, he and Attorney Todd told those in attendance that Todd & Weld would be working on a contingency basis and that Attorney Todd would be more directly involved going forward.  Present at this meeting were Dr. Arcidi, Phil Arcidi, Mr. Marotta, Attorney Todd, Attorney Peters, another person from Todd & Weld

2

(perhaps an associate or paralegal), and an accountant from the accounting firm of Shapiro & Weiss.

8.    During the litigation, Todd & Weld recommended that a forensic accountant be retained to examine the books of Foods, Inc. of Saugus and Caruso Music Corporation. Mr. Marotta had a firm lined up to handle the work for three thousand dollars ($3,000.00). Attorney Peters stated that he had a better firm, Shapiro & Weiss, who would handle the work for the same amount. Shapiro & Weiss ultimately rendered a bill for approximately sixty thousand dollars ($60,000.00) and never completed the assignment.

9.    Todd & Weld had filed a counterclaim on behalf of the Defendant/Plaintiff-in-Counterclaim in the underlying litigation that had damages in excess of a $1,000,000. That claim was dismissed because Todd & Weld failed to plead it properly.

10.    Pursuant to the Court's Order in this Action, there has been an arbitration of the Plaintiff's claimed legal fees that resulted in a decision dated 12/20/04 that was delivered to the Defendant/Plaintiff-in-Counterclaim on 12/24/04.

11.    Pursuant to *M.G.L.c. 251,* Defendant/Plaintiff-in-Counterclaim appeals the Decision of the Arbitrators and moves that it be vacated or modified because there was an evident miscalculation of figures, the arbitrators exceeded their powers, refused to hear evidence material to the controversy, and conducted the hearing as to substantially prejudice the rights of the Defendant/Plaintiff-in-Counterclaim.

3

## COUNT I

### Malpractice - Negligence

12.    Plaintiff-in-Counterclaim reavers the allegations contained in Paragraphs 1 through 11 herein.

13.    The above facts constitute attorney malpractice by agents of the Defendant-in-Counterclaim for whom the Defendant-in-Counterclaim is vicariously liable.

## COUNT II

### Chapter 93A

14.    Plaintiff-in-Counterclaim  reavers the allegations contained in Paragraphs 1 through 13 herein.

15.    Defendant-in-Counterclaim's conduct and services as described above occurred primarily and substantially in the Commonwealth of Massachusetts.

16.    The following conduct of Defendant-in-Counterclaim's agents as described above constitutes one or more instances of unfair and deceptive trade practices, undertaken willfully, knowingly and in violation of G.L. c. 93A, §2 and 11 and 9. Defendant-in-Counterclaim's agent Owen Todd was hired to represent the Plaintiff-in-Counterclaim  based on his extensive experience and knowledge of civil litigation and he represented that he would be handling  Dr. Arcidi' case. However, the case was then passed on to several less qualified associates who without supervision went on to generate extensive and numerous wasted billable time resulting in fees that are clearly excessive. When confronted with this fact, Attorney Todd stated that the matter was converted to a contingent fee agreement however now he has gone back on this representation and oral modification and failed to place the contingent fee agreement in writing

4

as, unknown to Dr. Arcidi, it is required to be in writing. Defendant-in-Counterclaim is vicariously liable for these unfair and deceptive acts.

## COUNT III

17.     Plaintiff-in-Counterclaim  reavers the allegations contained in Paragraphs 1 through 16 herein.

18.     Pursuant to *M.G.L.c. 251, sections 1, 12, & 13*. Defendant/Plaintiff-in-Counterclaim appeals the Decision of the Arbitrators and moves that it be vacated or modified or that there be a revocation of the arbitration contract because there was an evident miscalculation of figures, the arbitrators exceeded their powers, refused to hear evidence material to the controversy, and conducted the hearing as to substantially prejudice the rights of the Defendant/Plaintiff-in-Counterclaim.

WHEREFORE:

As a direct and proximate result of the failure of Defendant-in-Counterclaim to provide Plaintiff-in-Counterclaim with competent representation, Dr. Arcidi has suffered and will continue to suffer substantial damages including, but not limited to compensatory, expectancy, incidental, and consequential damages. Defendant/Plaintiff-in-Counterclaim demands that the Complaint be dismissed, that this Court determine his damages, and that  judgment against Defendant-in-Counterclaim/Plaintiff enter  for the following:

1.  Expectancy, compensatory, incidental and consequential damages as determined by the Court.

2.  Damages for unfair and deceptive acts and practices in violation of Massachusetts General Laws, Chapter 93A.

3.  Up to three but no less than two times the amount of damages for Defendants' knowing and willing violation of M.G.L. c. 93A, §2 and 11 and 9.

4.  Costs and attorneys' fees;

5.  That this Court vacate or modify the arbitration award or that there be a revocation of the arbitrationcontract;

5.  Such other relief as this Court deems just, proper and equitable.

PLAINTIFF-IN-COUNTERCLAIM/DEFENDANT HEREBY DEMANDS A JURY TRIAL ON ALL ISSUES.

By his attorney,

_____
Valeriano Diviacchi
BBO#555940
Diviacchi Law Office
59 Temple Place    Suite 507
Boston, MA 02111
(617) 542-3175                      Date:

6

EXHIBIT 6

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS                              SUPERIOR COURT C.A. NO.
                                        03-4219-BLS

-------------------------------

TODD & WELD, LLP

    Plaintiff

v.

ALFRED ARCIDI

    Defendant

-------------------------------

## DEFENDANT'S WAIVER OF MOTION TO AMEND COUNTERCLAIM

    Defendant hereby waives his filed Motion to Amend the Counterclaim with proposed Amended Counterclaim because the issues presented in the Motion to Amend actually involve supplemental issues to the pleadings in this Action and do not establish a need for amendment.

Defendant by his attorney,

Valeriano Diviacchi
BBO#555940
Diviacchi Law Office
59 Temple Place   Suite 507
Boston, MA 02111
(617) 542-3175

Date: 17 Jan 05

I HEREBY CERTIFY THAT TRUE COPY
OF THE ABOVE WAS SERVED UPON ALL
ATTORNEYS OF RECORD BY MAIL/FAX/HAND
ON

1

EXHIBIT 7

# Commonwealth of Massachusetts
## SUFFOLK SUPERIOR COURT
## Case Summary
## Civil Docket

## Todd & Weld LLP v Arcidi

Details for Docket: SUCV2003-04219

### Case Information

| | | | |
|---|---|---|---|
| **Docket Number:** | SUCV2003-04219 | **Caption:** | Todd & Weld LLP v Arcidi |
| **Filing Date:** | 09/03/2003 | **Case Status:** | Needs review for service |
| **Status Date:** | 09/03/2003 | **Session:** | CtRm 6 |
| **Lead Case:** | NA | **Case Type:** | Most |

### Tracking Deadlines

| | | | |
|---|---|---|---|
| **TRK:** | B | **Discovery:** | |
| **Service Date:** | | **Disposition:** | |
| **Rule 15:** | | **Rule 12/19/20:** | |
| **Final PTC:** | | **Rule 56:** | 01/05/2004 |
| **Answer Date:** | | **Jury Trial:** | YES |

### Case Information

| | | | |
|---|---|---|---|
| **Docket Number:** | SUCV2003-04219 | **Caption:** | Todd & Weld LLP v Arcidi |
| **Filing Date:** | 09/03/2003 | **Case Status:** | Needs review for service |
| **Status Date:** | 09/03/2003 | **Session:** | CtRm 6 |
| **Lead Case:** | NA | **Case Type:** | Fraud, business torts, etc |

### Tracking Deadlines

| | | | |
|---|---|---|---|
| **TRK:** | B | **Discovery:** | |
| **Service Date:** | | **Disposition:** | |
| **Rule 15:** | | **Rule 12/19/20:** | |
| **Final PTC:** | | **Rule 56:** | 01/05/2004 |
| **Answer Date:** | | **Jury Trial:** | YES |

## Parties Involved

2 Parties Involved in Docket: SUCV2003-04219

| | | | |
|---|---|---|---|
| **Party Involved:** | | **Role:** | Defendant |
| **Last Name:** | Arcidi | **First Name:** | Alfred |

**Address:**
**City:**
**Zip Code:**
**Telephone:**

**Address:**
**State:**
**Zip Ext:**

| **Party Involved:** | | **Role:** | Plaintiff |
|---|---|---|---|
| **Last Name:** | Todd & Weld LLP | **First Name:** | |
| **Address:** | | **Address:** | |
| **City:** | | **State:** | |
| **Zip Code:** | | **Zip Ext:** | |
| **Telephone:** | | | |

## Attorneys Involved

4 Attorneys Involved for Docket: SUCV2003-04219

| **Attorney Involved:** | | **Firm Name:** | DIVI01 |
|---|---|---|---|
| **Last Name:** | Diviacchi | **First Name:** | Valeriano |
| **Address:** | 59 Temple Place | **Address:** | Suite 507 |
| **City:** | Boston | **State:** | MA |
| **Zip Code:** | 02111 | **Zip Ext:** | 1307 |
| **Telephone:** | 617-542-3175 | **Tel Ext:** | |
| **Fascimile:** | 617-542-3110 | **Representing:** | Arcidi, Alfred (Defendant) |

| **Attorney Involved:** | | **Firm Name:** | STER01 |
|---|---|---|---|
| **Last Name:** | Stern | **First Name:** | Max D |
| **Address:** | 90 Canal Street | **Address:** | 5th floor |
| **City:** | Boston | **State:** | MA |
| **Zip Code:** | 02114 | **Zip Ext:** | |
| **Telephone:** | 617-742-5800 | **Tel Ext:** | |
| **Fascimile:** | 617-742-5858 | **Representing:** | Todd & Weld LLP, (Plaintiff) |

| **Attorney Involved:** | | **Firm Name:** | STER01 |
|---|---|---|---|
| **Last Name:** | Resnik | **First Name:** | Kenneth M |
| **Address:** | 90 Canal Street | **Address:** | 5th floor |

| City: | Boston | State: | MA |
|---|---|---|---|
| Zip Code: | 02114 | Zip Ext: | 2022 |
| Telephone: | 617-742-5800 | Tel Ext: | |
| Fascimile: | 617-742-5858 | Representing: | Todd & Weld LLP, (Plaintiff) |

| Attorney Involved: | | Firm Name: | MORR01 |
|---|---|---|---|
| Last Name: | Bolotin | First Name: | Steven J |
| Address: | 250 Summer Streeet | Address: | |
| City: | Boston | State: | MA |
| Zip Code: | 02210 | Zip Ext: | 1181 |
| Telephone: | 617-439-7500 | Tel Ext: | |
| Fascimile: | 617-439-7590 | Representing: | Todd & Weld LLP, (Plaintiff) |

## Calendar Events

5 Calendar Events for Docket: SUCV2003-04219

| No. | Event Date: | Event Time: | Calendar Event: | SES: | Event Status: |
|---|---|---|---|---|---|
| 1 | 10/27/2003 | 14:00 | Conf: review status | BLS | Event held as scheduled |
| 2 | 01/12/2004 | 14:00 | Motion/Hearing: Rule56 | BLS | Event not held-joint request |
| 3 | 02/25/2004 | 14:00 | Motion/Hearing: Rule56 | BLS | Event held as scheduled |
| 4 | 01/24/2005 | 14:00 | Conf: review status | BLS | Event not reached by Court |
| 5 | 02/03/2005 | 14:00 | Conf: review status | BLS | Event held as scheduled |

## Full Docket Entries

79 Docket Entries for Docket: SUCV2003-04219

| Entry Date: | Paper No: | Docket Entry: |
|---|---|---|
| 09/03/2003 | 1 | Complaint (Business) filed |
| 09/03/2003 | | Origin 1, Type BE1, Track B. |
| 09/03/2003 | 2 | Civil action cover sheet filed |
| 09/10/2003 | 3 | ORDER re: Notice of Acceptance into the Business Litigation Session |
| 09/10/2003 | 3 | (Allan vanGestel, Justice) (entered 9/8/03) notice sent 9/8/03 |
| 09/22/2003 | 4 | SERVICE RETURNED: Alfred Arcidi(Defendant) (last & usual place of |
| 09/22/2003 | 4 | abode) |
| 10/15/2003 | 5 | Notice on Rule 16 Conference (vanGestel,J) (Dated 10/14/03) notice |
| 10/15/2003 | 5 | sent 10/14/03 |

| | | |
|---|---|---|
| 10/16/2003 | 6 | Motion of deft to remove case from the Business Litigation Session & |
| 10/16/2003 | 6 | assigned to a regular civil session (with opposition) |
| 10/16/2003 | 7 | Motion of deft to dismiss pursuant to MRCP 12(b)(9) (with opposition) |
| 10/24/2003 | | MOTION (P#7) DENIED (Allan vanGestel, Justice) (Dated 10/22/03) |
| 10/24/2003 | | Notices mailed October 22, 2003 |
| 10/24/2003 | | MOTION (P#6) DENIED (Allan vanGestel, Justice) (Dated 10/22/03) |
| 10/24/2003 | | Notices mailed October 22, 2003 |
| 11/03/2003 | 8 | ANSWER, COUNTERCLAIM & Jury Demand : Alfred Arcidi (all issues) |
| 11/04/2003 | 9 | Order on Rule 16 Conference (vanGestel,J) (Dated 10/30/03) for |
| 11/04/2003 | 9 | complete order see Paper #9) |
| 11/20/2003 | 10 | Plff's unopposed motion to modify the court's order on rule 16 |
| 11/20/2003 | 10 | conference (w/o opposition) |
| 11/25/2003 | | MOTION (P#10) ALLOWED. The Rule 56 argument is rescheduled for Feb. |
| 11/25/2003 | | 25, 2004 at 2:00 P.M. (Allan vanGestel, Justice) Dated 11/25/03 |
| 11/25/2003 | | Notices mailed November 26, 2003 |
| 12/17/2003 | 11 | ANSWER by Todd & Weld LLP to COUNTERCLAIM of Alfred Arcidi |
| 02/10/2004 | 12 | Plaintiff Todd & Weld LLP's MOTION for Summary Judgment, pursuant to |
| 02/10/2004 | 12 | Mass.R.Civ.P. 56, as to Alfred Arcidi w/opposition |
| 02/10/2004 | 13 | Plaintiff Todd & Weld LLP's MOTION for leave to file a reply to |
| 02/10/2004 | 13 | defendan's Opposition to plaintiff's Motion for Summary Judgment |
| 02/13/2004 | | MOTION (P#13) ALLOWED provided that the deft may, if he chooses, file |
| 02/13/2004 | | a response no later than 2/20/04 (Allan vanGestel, Justice) Notices |
| 02/13/2004 | | mailed February 13, 2004 (entered 2/11/04) |
| 02/20/2004 | 14 | Motion of plff to stay litigation pending arbitration (with |
| 02/20/2004 | 14 | opposition) |
| 03/24/2004 | | MOTION (P#12) ALLOWED see memorandum dated 3/19/04 paper #15 (Allan |
| 03/24/2004 | | vanGestel, Justice) Notices mailed March 22, 2004 |
| 03/24/2004 | | MOTION (P#14) ALLOWED see memorandum dated 3/19/04 paper #15 (Allan |
| 03/24/2004 | | vanGestel, Justice) Notices mailed March 22, 2004 |
| 03/24/2004 | 15 | MEMORANDUM OF DECISION AND ORDER on Motion for Summary Judgment and |
| 03/24/2004 | 15 | to Stay for Arbitration (Allan vanGestel, Justice). Copies mailed |
| 03/24/2004 | 15 | 3/22/04 |
| 05/21/2004 | 16 | Defendant Alfred Arcidi's MOTION for a speedy trial w/o opposition |
| 05/26/2004 | | MOTION (P#16) DENIED w/o prejudice to refiling after the arbitration |
| 05/26/2004 | | is completed (Allan vanGestel, Justice) Notices mailed May 25, 2004 |
| 05/26/2004 | | (entered 5/25/04) |
| 06/15/2004 | 17 | COPY of notice of docket entry received from Appeals Court: Petition |
| 06/15/2004 | 17 | purs to GLc 231, 2. 118/attach filed by deft RE: P#1 DENIED (Cowin, |
| 06/15/2004 | 17 | J.) |
| 12/03/2004 | 18 | Motion of deft for substitution of parties or, in the alternative, to |
| 12/03/2004 | 18 | dismiss (with opposition) |

| 12/03/2004 | 19 | Opposition of plff to deft's motion for substitution of parties or, |
| 12/03/2004 | 19 | in the alternative, to dismiss & cross-motion for sanctions (with |
| 12/03/2004 | 19 | opposition) |
| 12/03/2004 | 20 | Opposition of deft to cross motion for sanctions/alternative or |
| 12/03/2004 | 20 | conditional cross motion to file a third party complaint under |
| 12/03/2004 | 20 | Supreme Judicial Court Rule 3:06 (3)(a) (with opposition) |
| 12/13/2004 | 21 | Memorandum regarding status of stay (vanGestel,J) Notice sent 12/9/04 |
| 12/13/2004 | 21 | (entered 12/8/04) |
| 01/03/2005 |  | MOTION (P#18) DENIED w/o prejudice, pending completion of arbitration |
| 01/03/2005 |  | (Allan vanGestel, Justice) Notices mailed December 30, 2004 (entered |
| 01/03/2005 |  | 12/23/04) |
| 01/03/2005 |  | Opposition (P#20) DENIED w/o prejudice pending completion of |
| 01/03/2005 |  | arbitration (Allan vanGestel, Justice) Notices mailed December 30, |
| 01/03/2005 |  | 2004 (entered 12/23/04) |
| 01/11/2005 | 22 | Motion of deft to amend counterclaim (w/o opposition) |
| 01/11/2005 | 23 | Plff's opposition to deft's renewed "Motion for substitution of |
| 01/11/2005 | 23 | parties or in the alternative to dismiss" and cross-motion for |
| 01/11/2005 | 23 | sanctions (w/opposition) |
| 01/11/2005 | 24 | Deft's renewed motion for substitution of parties in the alternative |
| 01/11/2005 | 24 | conditionally renewed motion to file a third party complaint |
| 01/11/2005 | 24 | (w/opposition) |
| 01/19/2005 | 25 | ORDER re: Notice of Status Conference (Allan vanGestel, |
| 01/19/2005 | 25 | Justice)(entered 1/13/05) notice sent 1/14/05 |
| 01/19/2005 | 26 | Deft's waiver of motion to amend COUNTERCLAIM |
| 01/28/2005 | 27 | Motion of deft to compel production of documents by plff under rule |
| 01/28/2005 | 27 | 37 (with opposition) |
| 02/08/2005 | 28 | MEMORANDUM OAND ORDER on Status Conference (Allan vanGestel, |
| 02/08/2005 | 28 | Justice). Copies mailed 2/7/05 (entered 2/7/05 |
| 02/08/2005 | 29 | Court received Plff's Status Report, filed on 2/3/05 |

EXHIBIT 8

# DIVIACCHI LAW OFFICE

*Attorneys at Law*

59 TEMPLE PLACE, SUITE 507
BOSTON, MASSACHUSETTS 02111

WWW.DIVIACCHI.COM

(617) 542-3175
FAX (617) 542-3110
EMAIL:
VAL@DIVIACCHI.COM

18 Oct  04                                        Attorney Valeriano Diviacchi

Attorney Max Stern
Stern Shapiro et al
90 Canal Street    5th floor
Boston, MA 02114

Re: Todd & Weld v. Arcidi

Dear Attorney Stern,

It has been almost a year now since I offered last Winter for a complete settlement of this case for $100,000 by Christmas. Another Christmas will come and go soon and you will still not be able to collect anything on this case while it goes on for another few Christmas' in Superior Court counterclaim litigation. Again, I submit that your client should be reasonable and realistic to end this litigation.

Sincerely,

Val Diviacchi

cc: Atty Bolotin

OCT 1 9 2004