UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. NO. 05-10120 PBS

_____

ALFRED ARCIDI

    Plaintiff

v.

J. OWEN TODD; KEVIN T. PETERS
    d/b/a Todd & Weld, LLP

    Defendant
_____

**PLAINTIFF S OPPOSITION TO DEFENDANT S MOTION TO DISMISS**

    Plaintiff opposes Defendant s Motion to Dismiss because nothing in this Action is duplicative of any pending state court proceeding, in fact all causes of action pled in this Action **did not even occur or accrue** until approximately a year after the pending state court pleadings referenced by the Defendants were even filed, and because it is no reason to stay this run-of-the-mill two count legal cause of action for money damages simply because the Defendant attorneys now that they do not profit from litigation believe themselves to be immune from the usual course of litigation. Defendants  distortion of the procedural facts of the underlying case is so gross that it only serves to establish that it is they who are trying to harass and delay this 73-year-old Plaintiff s attempt to speedily litigate his claims against these Defendants.

RELEVANT FACTS

    On 2 September 2003, Todd and Weld LLP filed a state complaint against the Plaintiff seeking to compel arbitration that is Suffolk Superior Court Civil Action No. 03-4219-BLS that

is *Exhibit 1* in their Motion to Dismiss. On 3 November 2003, Dr. Arcidi filed an answer and counterclaim that is attached as *Exhibit 2* to the Defendant s Motion to Dismiss. The state court immediately stayed discovery on the counterclaim at the Defendant s urging (*Exhibit 7* of the Motion to Dismiss). Subsequently, on 19 March 2004, the Suffolk Superior Court by summary judgment compelled arbitration and continued the stay of discovery on the counterclaim. (*Exhibit 3* of Id.). Plaintiff has never appealed that summary judgment decision and in fact cannot appeal that summary judgment decision until there is a judgment in underlying case.

The single justice appeal that the Defendants falsely reference as an appeal of the order compelling arbitration was in fact an appeal of the denial of Dr. Arcidi s speedy trial right under *M.G.L.c. 231*, §59 by the stay of discovery that continues to deny his speedy trial rights in the state court proceedings. Id. at *Exhibit 7,* nos. 16 & 17.

On 20 December 2004, arbitrators issued an award in favor of Todd and Weld in the amount of $277,733.00 that was later amended on 6 January, 2005. *Exhibit 4* of Id. and *Amended Complaint.* Pursuant to *Mass. Gen. Law Chapter 251, §§ 1, 12 and 13*, Plaintiff had only 30 days to appeal that arbitration award and did so within such 30 days on 19 January 2005 by filing this Action. *Count Two* of Plaintiff s Complaint and Amended Complaint. There is no state court appeal of the arbitration award **and now that the 30 days have passed there can be no such appeal filed**. On 11 January 2005, Plaintiff did erroneously try to file such appeal by a motion to amend in the state court proceeding. *Exhibits 5,6, 7* of the Motion to Dismiss at #16 & 17. However, realizing his error that such an appeal was a  supplemental  pleading that could be denied as a matter of course and thus the appellate time period missed instead of an  amended  pleading that would be granted as a matter of course, Plaintiff waived that motion to amend and instead filed his appeal as this separate and distinct federal court action. *See* Argument I *infra.*; *Exhibits 5 & 6* of the Motion to Dismiss.

While the state court case was pending, eight months after it was filed and the counterclaim pled, on 7 April 2004 as a result of the Defendant s negligence another pending

claim filed by the Defendants for the Plaintiff in Essex County Superior Court Civil Action No. 2000-2225 was dismissed because of the Defendant s negligence. *Count I* of Plaintiff s Complaint  and  Amended Complaint.

Therefore, the only two claims filed in this case consisting of *Counts I* and  *II* consist of run-of-the-mill legal, monetary claims with no equitable claims for relief that **were not pled in the pending state court action nor in the counterclaim and that in fact could not have been pled because they did not even occur or accrue until eight months and a year-and-four months respectively after the state court pleadings were even filed**. *Count I* of this Action is for malpractice and it derives from the April 2004 dismissal of a state court claim and *Count II* is an appeal of the arbitration award entered in December and January of 2004 and 2005, respectfully, made pursuant to *Mass. Gen. Law Chapter 251, §§ 1, 12 and 13*. Plaintiff is a citizen of another state and the amount at issue clearly exceeds the sum or value of $75,000.00, so the jurisdiction of this court to hear these matters that are not pending in any other court nor in any other state court is established pursuant to 28 U.S. Code § 1332.

ARGUMENT

I.  THERE ARE NO DUPLICATIVE CLAIMS AND THE DEFENDANTS  APPARENT IGNORANCE OF THE DIFFERENCE BETWEEN SUPPLEMENTAL CLAIMS AND AMENDED CLAIMS DOES NOT CHANGE THAT.

Of course **there can be no claim upon causes of action accruing after the complaint was filed** without the filing of a supplemental complaint.  Ahern v. Warner, 16 Mass. App. Ct. 223, 228, fn. 6 (1983) (emphasis added) *citing* Massachusetts Rules of Civil Procedure, Rule 15(d).  Thus, the filing of a supplemental complaint is a perquisite to claiming upon causes of action accruing after the action was originally commenced.  Massachusetts Practice Series, *Rules Practice*, Rule 15, § 15.12, 2005 pocket part.   Rule 15 distinguishes amended pleadings

from supplemental pleadings. The latter embrace only events following the date of the pleading involved; the former treat events which occurred before the original pleading was served, but which were omitted through oversight or ignorance. Unlike amendment, **supplementation is never, under Rule 15, a matter of course.** *Id*. at § 15.1 (emphasis added).

Though Plaintiff initially erroneously filed a motion to amend in the pending state court proceeding to add the supplemental claims that are now *Counts I* and *II* pled in this federal court Action, after realizing the error, Plaintiff waived the motion to amend because the new causes of action that accrued actually required supplemental pleadings and not amended pleadings. This proposed supplemental pleading would not be added as a matter of course as amended pleadings are and thus would risk the passing of the 30 day time period for the filing of the arbitration appeal.

    II.    THERE IS NO BASIS TO ABSTAIN OR STAY THIS ACTION PLEADING
           PURELY LEGAL CAUSES OF ACTION FOR MONETARY DAMAGES WITHIN
           THE JURISDICTION OF THIS COURT.

Within the 30 days allowed by *M.G. L. Chapter 251, §§ 1, 12 and 13*, The Plaintiff pursued his statutory right of appeal of the underlying arbitration award by filing this Action on 19 January 2005. The Defendants were served with process in this Action on 21 January 2005. Almost two weeks later, fully aware of the pendency of this appeal of the arbitration award and of their ability and in fact requirement that they counterclaim as a compulsory counterclaim in this Action for confirmation, the Defendants filed not by separate complaint but by motion in the pending state court action a Plaintiff s Motion to Confirm Arbitration Award . Thus the Defendants after knowingly creating the comity problem that they now cite as warranting a stay of this case now have the audacity to come in here and misrepresent to this court that it needs to abstain from this action or to stay it because there is a pending state court action involving the merits of the underlying arbitration award and that the Plaintiff s intent is simply to harass and

delay. This is nonsense and the Defendants are simply a bunch of hypocrites who are the ones solely responsible for any delay in the state court proceeding or in resolution of the claims between these parties. If the Defendants had not insisted in a stay of discovery in the underlying case that is now in its nineteenth month, the pending state court case would be finished now and be ready for trial. Defendants violation of the settlement negotiations privilege to submit Plaintiff s settlement offers into evidence and argue that settlement offers are simply a means to delay and harass the Defendants proves their paranoid, arrogant belief that the Plaintiff their former client should not be bothering them with his claims and defenses but should simply submit to their authority    now that these attorneys are not profiting from litigation, they arrogantly assume that an opposing party s pleading of its rights and defenses must be stayed.

As the Defendants own cited cases state, federal courts have the power to dismiss or remand cases based on abstention principles **only where the relief being sought is equitable** or otherwise discretionary, **but may not do so in an action for purely monetary damages.** *Quackenbush v. Allstate Insurance Co.,* 517 U.S. 706, 718-721, 116 S.Ct. 1712, 1722-23 (1996).

Plaintiff s 30 days have expired and he is not able to file his arbitration appeal pursuant to *G.L. 251* in any other court and has timely filed his appeal in this court which has jurisdiction of this Action. The malpractice action for monetary damages is unique to this Action and is a run-of-the-mill malpractice claim that involves no unusual legal issues nor any pending state court actions. If Defendants believe that the arbitration award somehow warrants dismissal of the malpractice claim in *Count I*, they can argue such in this case because that claim is before no other court and cannot be decided nor dismissed by any other court.

There is no claim for equitable declaratory or injunctive relief in this Action as the Defendants falsely claim. There is no attempt to appeal the state court s decision compelling arbitration as the Defendants falsely claim.

Therefore, there is no reason for this Court to repeat the injustice of the state court proceeding in denying this 73-year-old Plaintiff s right to a speedy resolution of his claims

against these Defendants simply because they are well known attorneys who feel that they must get special treatment and immunity from the usual course of litigation to resolve competing rights, defenses, and causes of action.

THEREFORE, Plaintiff asks that the Motion be denied.

Plaintiff by his attorney,

/s/ Valeriano Diviacchi
Valeriano Diviacchi
BBO# 555940
Diviacchi Law Office
59 Temple Place   Suite 507
Boston, MA 02111
(617) 542-3175                                                       Date: 9 March 05
fax: (617) 542-3110
e-mail: val@diviacchi.com