```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS


ALFRED ARCIDI,
     Plaintiff,


     v.                              CIVIL ACTION NO.
                                     05-10120-PBS


J. OWEN TODD; KEVIN T. PETERS
     d/b/a Todd & Weld, LLP,
     Defendants
```

**PROCEDURAL ORDER RE:**
**JURISDICTION**


**June 8, 2005**


**BOWLER, U.S.M.J.**

Plaintiff Alfred Arcidi ("plaintiff") filed this action in the United States District Court for the District of Massachusetts alleging the existence of diversity jurisdiction under 28 U.S.C. § 1332(a). The presence of diversity jurisdiction is questionable based on the filings presently before this court.

The complaint filed in this court on January 19, 2005 identifies plaintiff as "a citizen of the Virgin Islands." (Docket Entry # 2, ¶ 1). Accordingly, it is unclear whether

plaintiff is a citizen of the United States Virgin Islands or the British Virgin Islands. This determination consequently impacts whether he is considered an alien or a United States citizen. "[A]n alien admitted to the United States for permanent residence shall be deemed a citizen of the State in which the alien is domiciled." 28 U.S.C. § 1332(a). If, however, plaintiff is a citizen of the United States he must demonstrate that his domicile is a state other than Massachusetts, e.g., the United States Virgin Islands, in order to invoke diversity jurisdiction against defendants J. Owen Todd and Kevin T. Peters ("defendants"). Defendants appear to be domiciled in Massachusetts inasmuch as the complaint filed in this action identifies defendants as partners of a Massachusetts law firm and citizens of Massachusetts.

In the answer plaintiff filed in the Massachusetts Superior Court Department (Suffolk County) on November 3, 2003 as a defendant (Superior Court Civil Action No. 03-4219-BLS), plaintiff admits he is a resident of Massachusetts with a "principal address" in North Andover, Massachusetts. It is therefore possible that plaintiff, like defendants, is domiciled in Massachusetts thereby raising the possibility that diversity jurisdiction does not exist in this case.

CONCLUSION

Plaintiff is therefore **ORDERED** to file a response to this Procedural Order addressing the issue of diversity jurisdiction on or before June 22, 2005.

    /s/ Marianne B. Bowler
**MARIANNE B. BOWLER**
United States Magistrate Judge