UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. NO. 05-10120-PBS

_____

ALFRED ARCIDI

    Plaintiff

v.

J. OWEN TODD; KEVIN T. PETERS
    d/b/a Todd & Weld, LLP

    Defendant

_____

**PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS AND/OR STAY PROCEEDINGS**

OBJECTION I:

Plaintiff objects to the incorrect statement of fact in the first paragraph of the background portion of the report and recommendation that states "[t]his action arises in connection with a dispute between Arcidi and defendants that began in September of 2003 in the Massachusetts Superior Court Department (Suffolk County) . . ."  This Action is an appeal pursuant to *Mass. General Law Chapter 251, §§ 112* and *113* of an arbitration award dated December 20, 2004 and a malpractice claim against the Defendants based on acts that occurred and that accrued on April 7, 2004  **over seven months after the filing of the Suffolk case**.  Thus, none of these claims are a part of nor arise from any pending state court action nor could they be since they did not even occur until approximately one year after the Suffolk County action referenced by the Order and Recommendation was even filed.

OBJECTION II:

The Plaintiff objects to the order and recommendations' incorrect repeated assertion (at pages 3, 4, 10, 11, & 12) that Plaintiff in this case asks "this court to modify, vacate or revoke the arbitration contract he signed in the engagement letter retaining the legal services of defendants." This is an incorrect and out-of-context citing of the Plaintiff s Complaint. The Plaintiff's actual claim in this case as pled in the complaint at Count II states that "pursuant to *Mass. General Law Chapter 251, §§ 112* and *113*, Plaintiff appeals the decision of the arbitrator and moves that it be vacated or modified or that there be a revocation of the arbitration contract because there was an evident miscalculation of figures, the arbitrators exceeded their powers, refused to hear evidence material to the controversy, conducted a hearing as to substantially prejudice the rights of the plaintiff, and the award was procured by fraud.   Plaintiff's claim is a verbatim citation of the remedies allowed by *Mass. General Law 251, §§ 112* and *113* and is not some type of equitable recourse to modify, vacate, or revoke the an arbitration contract.

OBJECTION III:

Plaintiff objects to the incorrect statement of law on page 8: "section 17 of chapter 251 directs that 'all [a] *subsequent* applications shall be made to the court here in the initial application unless the court otherwise directs.'"  The Order and Recommendation leaves out the fact that § 17 is entitled "Venue" and solely establishes the proper venue for any type of action to compel arbitration or to appeal arbitration. The jurisdiction statute for arbitration appeals is § *16* of *Chapter 251* specifically entitled "Court; Jurisdiction" and states that jurisdiction to hear such matters resides in "any court of competent jurisdiction of the state."  Plaintiff respectfully submits that if a state court venue requirement requires that a federal court abstain from hearing a case properly before it pursuant to its diversity jurisdiction, then the federal court system might

as well get rid of the concept of diversity jurisdiction since every action has some type of state court venue requirement. For example, the state required venue for transitory actions such as Plaintiff s Count I of the complaint would be in Suffolk County Superior Court according to *G.L.c. 223, § 1*; this venue requirement does not deny this court diversity jurisdiction over Count I just as *Chapter 251's* venue requirement does not eliminate such jurisdiction over Count II.

> As the Order and recommendation goes on to admit at pages 14 *et seq*:
>
> Even supposing this matter is duplicative of state proceedings, however, it is entirely normal for there to be parallel proceedings in both federal and state courts.  The mere existence of parallel proceedings does not remove the  duty of a District Court to adjudicate a controversy *properly* before it.   County of Allegheny v. Frank Mashuda Co., 360 U.S. 185, 188 (1959) (emphasis added). ... The general rule is always that  the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction.   McClellan v. Carland, 217 U.S. 268, 282 (1910).  Indeed, the ruling in McClellan is particularly appropriate to Arcidi s malpractice claims because in McClellan the Supreme Court explicitly rejected an order of the United States District Court for the District of South Dakota entering a stay of proceedings pending before it  until the state court . . . might render a judgment which would be res judicata, and thus prevent further proceedings in the Federal Court.   Id. at 282.  Where the jurisdiction of the federal court is properly invoked, therefore, the road to adjudication should be wide and prompt.  As the Supreme Court ruled in Colo. River Water Conservation Dist. v. United States, 424 U.S. 800 (1976), not even the potential for conflicting results in the two separate forums can justify staying the exercise of federal jurisdiction.  Colorado, 424 U.S. at 816.

OBJECTION IV:

Plaintiff objects to the incorrect statement of fact on page 8 that "moreover, the state court judge was well aware of the proceedings initiated in this court at their inception and he never directed, nor was he asked to direct, the subsequent applications be directed to this court." This Action appealing the arbitration award of December 20, 2004 was filed on January 19, 2005. The Defendants were served with process in this Action on January 21, 2005.  Almost two weeks later, fully aware of the pendency of this appeal of the arbitration award and of their ability and in fact requirement that they counterclaim as a compulsory counterclaim in this Action for confirmation, the Defendants filed a motion in the pending state court action entitled "Plaintiff's

Motion to Confirm Arbitration Award". **Thus, it is the Defendants not the Plaintiff who knowingly and intentionally strategically created a comity problem that they now cite as warranting dismissal of this case or abstention.** It was not until Plaintiff opposed the motion for confirmation ten (10) days later that the state court became aware of the pendency of this appeal and then ignored this appeal based on the statement that proper "venue" is in state court and that therefore federal court lacks jurisdiction to hear the appeal.

OBJECTION V:

Plaintiff objects to the incorrect statement of law beginning at the bottom of page 8 continuing to page 9 that *Burford v. Sun Oil Co.*, 319 U.S. 315-317, 1943, allows this Court to abstain from this Action. Federal courts have the power to dismiss or remand cases based on abstention principles **only** when the relief being sought is equitable or otherwise discretionary, but may not do so in an action for purely monetary damages. *Kuackenbush v. Allstate Insurance Co.*, 517 U.S. 707, 718, 721, 1996. *Burford* was an injunctive relief case. This matter involves monetary damages. As the Order and Recommendation goes on to state at pages 14 *et seq*:

> Even supposing this matter is duplicative of state proceedings, however, it is entirely normal for there to be parallel proceedings in both federal and state courts. The mere existence of parallel proceedings does not remove the duty of a District Court to adjudicate a controversy *properly* before it. County of Allegheny v. Frank Mashuda Co., 360 U.S. 185, 188 (1959) (emphasis added). ... The general rule is always that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction. McClellan v. Carland, 217 U.S. 268, 282 (1910). Indeed, the ruling in McClellan is particularly appropriate to Arcidi s malpractice claims because in McClellan the Supreme Court explicitly rejected an order of the United States District Court for the District of South Dakota entering a stay of proceedings pending before it until the state court . . . might render a judgment which would be res judicata, and thus prevent further proceedings in the Federal Court. Id. at 282. Where the jurisdiction of the federal court is properly invoked, therefore, the road to adjudication should be wide and prompt. As the Supreme Court ruled in Colo. River Water Conservation Dist. v. United States, 424 U.S. 800 (1976), not even the potential for conflicting results in the two separate forums can justify staying the exercise of federal jurisdiction. Colorado, 424 U.S. at 816.

OBJECTION VI:

Plaintiff objects to the incorrect statement of law beginning at the top of page 9 that this Action somehow involves "federalist principles of avoiding friction between state and federal systems" *citing* to § *17* of *Chapter 251*. Again, § 17 of *Chapter 251* is only a venue section that only establishes the proper venue for any state court action dealing with Chapter 251. It in no way negates federal diversity jurisdiction nor the jurisdiction granted by § *16* of *Chapter 251* upon "any court of competent jurisdiction of this state" to hear matters pursuant to *Chapter 251*. Plaintiff respectfully submits that if state court venue requirements can be used to require federal court abstention from diversity jurisdiction cases, then diversity jurisdiction might as well be eliminated since every civil action has some venue requirement in state court. The only reason there is any friction between state and federal systems in this case is because the Defendants and the state court, despite their being fully aware of a pending appeal pursuant to *Chapter 251* being filed on the subject arbitration award, decided to ignore that appeal by not counterclaiming for confirmation and then by the state court saying that the venue requirement denies federal court jurisdiction. Plaintiff respectfully asks how this court can allow a state court to decide that federal court lacks jurisdiction to hear a matter simply because proper venue is in state court?

OBJECTION VII:

Plaintiff objects to the application of the *Burford* decision 319 U.S. at 325 to this Action as stated in pages 9 and 10 of the Order and Recommendation. This is not an equitable action seeking an injunction but is an action involving monetary damages in which diversity jurisdiction has been established both based on the arbitration award at issue consisting of almost $300,000.00 and by an attorney malpractice counterclaim with six figure damages.

5

OBJECTION VIII:

Plaintiff objects to the incorrect statement that this Action is   ... a brazen attempt to do an end run around the state court system and to enjoin the judicial enforcement over the substantial judgment entered against them by the Fee Arbitration Board."   This is an Action timely and properly filed asking for judicial review of the arbitration award as allowed by *Mass. General Law Chapter 251 §§ 112* and *113* for which this court has diversity jurisdiction and that may be heard by this court as specifically stated by § *16* of *Chapter 251.* **It is the Defendants who brazenly have done an "end run" around the federal court system to deny Plaintiff his right of review of the arbitration award by filing a motion to confirm the arbitration award they knew was under appeal and by a state court judge ruling that a state court venue requirement somehow negates federal court jurisdiction.**

OBJECTION IX:

Plaintiff objects to the incorrect statement on page 11 that the "state court judge . . . properly exercised authority to confirm the award of the fee arbitration board." *Section 11* of *Mass. General Law Chapter 251* directs that "upon application of a party, the court shall confirm an award, unless within the time limits herein imposed" an appeal had been filed.  The Defendants and the state court judge were well aware that an appeal was in fact filed in a court of competent jurisdiction    this court    and yet that state court judge at the Defendants  urging completely ignored this appeal with the stated reasoning being that the state court venue requirement of  *§17*, ignoring the jurisdiction statement of *§16*, denies federal court jurisdiction to hear this matter.  The Plaintiff respectfully submits that whether or not the state court judge committed a legal error in confirming such award when an appeal was pending is something that would have to be decided on appeal in state court and at a minimum warrants that this court stay

6

any decision to abstain or dismiss the Plaintiff's claim until such state court appeal is decided if such is an issue.

OBJECTION X:

Plaintiff objects to the incorrect statement at page 12 that "this court is presented with a final, binding award that has been judicially confirmed by the only court that according to Chapter 251, has the proper authority to consider all applications pending to the arbitral award." This statement completely ignores §16 of *Chapter 251* that gives jurisdiction to hear a challenge to an arbitration award to any court of competent jurisdiction thus including this court's diversity jurisdiction and further repeats the error it made throughout the Order and Recommendation that somehow a state court venue provision denies this court jurisdiction to hear a claim properly before it based on its diversity jurisdiction.

OBJECTION XI:

Plaintiff objects to the incorrect statement on page 13 that "the obvious effect of which would be to frustrate the ability of defendants to seek final enforcement of the award." Defendants could have and can seek final enforcement of the award the way they would in any case. They could have and can counterclaim for confirmation in this Action or after the Plaintiff was allowed to have his right of appeal. It is the Defendants and the court system who are frustrating Plaintiff's right to legal review of an arbitration award by their desire to somehow allow state court venue provisions to negate federal court jurisdiction of a monetary damages action.

OBJECTION XII:

Plaintiff objects to the incorrect statement on page 15 that "this court is well aware that Arcidi's malpractice counterclaim is currently pending in Suffolk Superior Court and that at any time a final ruling might be handed down."  The pending state court malpractice counterclaim has nothing to do with the claim pending in this court.  The claim pending in this court did not even occur or accrue until April 7, 2004 over six months after the filing of the pending state court action.

OBJECTION XIII:

Plaintiff objects to the Order and Recommendations' failure to apply the same case law cited in pages 15 through 17 regarding Count I, the malpractice claim, to the prior issue of Count II for a review of the arbitration award.  As the order and recommendation states,

> Even supposing this matter is duplicative of state proceedings, however, it is entirely normal for there to be parallel proceedings in both federal and state courts.  The mere existence of parallel proceedings does not remove the  duty of a District Court to adjudicate a controversy *properly* before it.   County of Allegheny v. Frank Mashuda Co., 360 U.S. 185, 188 (1959) (emphasis added). ... The general rule is always that   the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction.   McClellan v. Carland, 217 U.S. 268, 282 (1910).  Indeed, the ruling in McClellan is particularly appropriate to Arcidi s malpractice claims because in McClellan the Supreme Court explicitly rejected an order of the United States District Court for the District of South Dakota entering a stay of proceedings pending before it   until the state court . . . might render a judgment which would be res judicata, and thus prevent further proceedings in the Federal Court.   Id. at 282.  Where the jurisdiction of the federal court is properly invoked, therefore, the road to adjudication should be wide and prompt.  As the Supreme Court ruled in Colo. River Water Conservation Dist. v. United States, 424 U.S. 800 (1976), not even the potential for conflicting results in the two separate forums can justify staying the exercise of federal jurisdiction.  Colorado, 424 U.S. at 816.

OBJECTION XIII:

Plaintiff objects to the court's incorrect statement on page 16 that "a final judgment rendered in Suffolk Superior Court regarding Arcidi's malpractice claim would certainly preclude further consideration of the claim in this forum." Again, the malpractice claim in this Action is distinct and completely separate and has nothing to do with the malpractice claims pending in state court - - - they are distinctly complete claims with the claim pending in this case not even occurring or accruing until over six months after the state court action was filed.

THEREFORE, Plaintiff asks that the Order and Recommendation be vacated.

Plaintiff by his attorney,

/s/ Valeriano Diviacchi
Valeriano Diviacchi
BBO# 555940
Diviacchi Law Office
59 Temple Place   Suite 507
Boston, MA 02111
(617) 542-3175                                           Date: 12 August 05